Norman C. Keyt (AZ Bar: 04225)
Charles E. Runyan (AZ Bar: 19227)
Keytlaw, LLC
3001 E. Camelback Road, Suite 130
Phoenix, AZ 85016
Phone: (602) 906-4953
Fax: (602) 265-5964
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Coots and Combat Veteran Voicewriters, LLC, an Arizona limited liability company,<br><br>        Plaintiffs,<br><br>    vs.<br><br>Bettye Keyes,<br><br>        Defendant | Case No.: CV<br><br>COMPLAINT<br><br>(Jury Demanded) |

Plaintiffs Jennifer Coots ("Coots") and Combat Veteran Voicewriters ("CVV") (collectively "Combat Veterans"), by and through their attorneys, bring this action and allege against Defendant Bettye Keyes ("Defendant Keyes") as follows:

**NATURE OF THE ACTION AND RELIEF SOUGHT**

1.      This is a civil action for declaratory and injunctive relief to vindicate the rights of Combat Veterans in connection with some of its copyright training materials.

2.      Defendant Keyes has asserted that Combat Veterans has produced educational and other material that infringes Defendant Keyes' copyrights, confidential information, and trade secrets.

3.      Combat Veterans brings this action to clarify the rights of the parties, and to refute Defendant Keyes' baseless assertions of copyright infringement finally and definitively. Combat Veterans seeks a declaratory judgment holding that its works do not infringe any copyrights held by Defendant Keyes. Combat Veterans also seek an injunction enjoining Defendant Keyes and

its agents from asserting her copyrights against Coots, CVV, or any other party in possession of the works at issue.

## PARTIES

4. Plaintiff Jennifer Coots is an individual residing in Mesa, Arizona, and an experienced court reporter and voicewriting trainer.

5. Plaintiff Combat Veteran Voicewriters is an Arizona LLC, located in Mesa, Arizona, through which Coots conducts business. Plaintiff Jennifer Coots is the Managing Member of CVV.

6. Defendant Bettye Keyes is an individual residing in Port St. Lucie, Florida.

## JURISDICTION AND VENUE

7. This action arises under the copyright laws of the United States, 17 U.S.C. §§ 101, et seq. The Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. § 2201. Further, Plaintiff's state law claims fall within the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over Defendant Keyes because she conducts business with customers and clients located in Arizona and she contracted with Plaintiff in the State of Arizona.

9. Venue is proper under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

### Combat Veterans Works

10. Plaintiff Jennifer Coots is an experienced voicewriting trainer who lives and works in Mesa, Arizona. A voicewriter is someone who uses computer hardware and software to convert conversations heard by the voicewriter into written text by repeating the conversation into a microphone attached to the computer, i.e. someone who writes by voice.

11. Combat Veterans contracted with Capital IQ to train their voice writing staff in the Philippines to do real-time voice writing for financial calls. With that contract, Defendant Keyes contracted with Combat Veterans to create training materials for the project. She was also a part of the actual training conducted in the Philippines. She completed that assignment according to

the Agreement and was paid for her work and materials. Those materials were to be retained by Capital IQ as copyrighted materials by Ms. Keyes.

12. Combat Veterans worked with Diane Gaffoglio to assist her with a new project to train court reporters from Liberia to use real-time voice recognition to perform their work.(the "Liberia Project") The Agreement was between CVV the International Legal Assistance Consortium (ILAC) with Ms. Gaffoglio as an independent contractor working for CVV.

13. Combat Veterans sought permission to use Defendant Keyes works in the Liberia Project, but the parties did not agree to the terms.

14. Once it became clear that they would not agree on the terms, Combat Veterans removed the Keyes material from the project and replaced that material with material customized with court reporting training as the original Keyes material was directed at financial call center operator training.

15. Because of financial reasons, the second project was canceled near the end of August 2009.

**Defendant Keyes's Allegations of Infringement and Demands for Money**

16. On or around September 9, 2009, Stephen C. Thomas, a partner in the law firm Hayworth, Chaney & Thomas, PA, sent a letter to Coots entitled: Your improper use of Ms. Keyes' copyright-registered materials and trade secrets in violation of Title 17, United States Code, the common law, and various other state statutes.

17. In the letter, Mr. Thomas stated that he was in possession of material that demonstrated Combat Veterans had engaged in and continues to engage in the "unauthorized use of Ms. Keyes' copyrighted works, intellectual property, methods, and materials.

18. That letter also stated nine demands that must be met in order for Combat Veterans to avoid being sued:

    1) Cease and desist all use of the materials and provide assurances that you have done so.

    2) Inform each and every person and entity to whom you have communicated the materials that you do not own the copyright to these materials and that they must immediately cease and desist use also. Your transmission of the materials to them exposes them to claims of copyright infringement also, and may expose you to claims against you by them should they have to defend such claims.

3) A complete accounting of all funds received to date, from any source, for each and every use of any part of the materials.

4) A complete and accurate copy of all writings memorializing any sale, offer to sell, provision of services, proposal for provision of services, agreement, contract, license, or any other vehicle under which the materials were offered, sold, or licensed to others, whether any such writing matured into a contractual relationship or not, and whether any funds exchanged hands or not.

5) Payment to Ms. Keyes of one hundred percent (100%) of all gross proceeds, before any deductions whatsoever, for all funds received by you from any source, for any use of the materials.

6) Execution of a licensing agreement giving Ms. Keyes fifty percent (50%) of all gross proceeds, before any deductions whatsoever, from any new business for which you are currently in the process of acquiring and all future business you enter into in the future involving the use of Ms. Keyes' intellectual property.

7) A complete and accurate copy of all communication between you and any entity or person, including your employees, officers, directors, partners, independent contractors, employees of other business entities, vendors, suppliers, existing customers, prospective customers, and any other person or entity, regarding any use, or proposed use, of the materials.

8) A complete and accurate list of the identity and contact information including telephone number, facsimile number, email address, physical address, mailing address, for each and every person or entity with whom you have communicated regarding use of the materials.

9) Payment to Ms. Keyes for the full amount of the attorney's fees and costs incurred by her in the enforcement of her ownership interests in these matters.

19. On or around September 22, 2009, Stephen Thomas sent a letter to Diane Gaffoglio implying that Combat Veterans had infringed Ms. Keyes' copyrights and requesting her to send them a copy of all materials that she had received from Combat Veterans.

## FIRST CAUSE OF ACTION
### Declaratory Judgment - Non-Infringement

**17 U.S.C. §§ 101, et seq.**

20. Plaintiffs incorporate by reference the allegations in each of the proceeding paragraphs as if fully set forth in this paragraph.

21. An actual controversy exists as to whether Combat Veterans has infringed any copyright owned by Defendant Keyes.

22. Plaintiffs are entitled to a declaratory Judgment that the use of their works, intellectual property, methods, and materials in the Liberian Project, or any subsequent project is not an infringement of Defendants copyrights of her works, intellectual property, methods and materials.

WHEREFORE, Plaintiffs Coots and CVV request this Court to enter judgment:

a. Declaring that neither Combat Veterans, CVV, nor Coots have infringed any copyrights held by Defendant Keyes;

b. Enjoining Defendant Keyes, her agents, attorneys, and assigns from asserting copyrights against Combat Veterans in connection with any of the works in question;

c. Awarding Combat Veterans their reasonable attorneys' fees and costs; and

d. Awarding any other relief the Court deems just and proper.

## SECOND CAUSE OF ACTION
### Breach of Contract – State Law Claim

23. Plaintiffs incorporate by reference the allegations in each of the proceeding paragraphs as if fully set forth in this paragraph.

24. Defendant Keyes is the creator and owner of a software work titled "SpeedMaster." The software is designed for use by court reporters and voicewriters.

25. On or about March 1, 2009 Plaintiff Coots and Defendant Keyes entered into an oral agreement to update SpeedMaster. Keyes contracted with Coots to perform the work necessary to modify the appearance and functionality of the software.

26. Thereafter, Plaintiff Coots undertook the work of modifying the software and provided design and programming services to Keyes.

27. On April 24, 2009 Plaintiff Coots E-mailed the beta version of the modified SpeedMaster program to Defendant Keyes.

28. On or about May 1, 2009, Coots and Keyes orally amended their original agreement to address division of proceeds from sales of the new version of SpeedMaster. Keyes agreed to pay Coots fifty percent (50%) of all SpeedMaster sales. At this time Coots and Keyes agreed Coots would sell the project on her web sites and provide customer service to new SpeedMaster users.

29. Thereafter, Coots continued to work on development of the new version of SpeedMaster, making modifications as instructed by Keyes.

30. On May 6, 2009 Plaintiff E-mailed the second beta version of the software to Keyes, incorporating changes requested or approved by Keyes, including final screen design and the updated user help file.

31. Thereafter, Plaintiff and Defendant continued to work on the development project of SpeedMaster, making a number of changes to beta version two.

32. On July 1, 2009 Plaintiff Coots E-mailed the third beta version of SpeedMaster to Defendant Keyes.

33. On August 3, 2009 Defendant Keyes made a phone call to Plaintiff and stated that she would not honor her oral agreement to equally split the proceeds from sales of the updated version of SpeedMaster. Keyes asked Coots to send her an invoice for work performed modifying the software.

34. Defendant Keyes' refusal to equally split the proceeds from sales of the updated SpeedMaster software is a breach of contract.

35. Defendant's breach has damaged Plaintiff in an amount to be proven at trial, but not less than $5,000.00.

36. This claim arises pursuant to a contract. Plaintiff is entitled to recover reasonable attorneys' fees under A.R.S. § 12-341.01 and costs pursuant to A.R.S. § 12-341.

WHEREFORE, Plaintiffs Jennifer Coots and Combat Veteran Voicewriters, LLC, pray for judgment against Bettye Keyes as follows:

    a. For the principal sum of at least $5,000.00;

    b. For reasonable attorney's fees and costs;

    c. For interest on the total at the rate of 10% per annum;

    d. For such other relief as the court deems just in the circumstances.

### THIRD CAUSE OF ACTION

**Defamation - State Law Claim**

37. Plaintiffs incorporate by reference the allegations in each of the proceeding paragraphs as if fully set forth in this paragraph.

38. Plaintiff Coots is a nationally recognized expert voicewriter. She has an earned reputation for honesty, diligence and integrity. For example, she was honored by her peers at the 2009 National Verbatim Reporters Association convention in Nashville, Tennessee, with a Value Award for Professionalism.

39. On or about September 22, 2009 Defendant Keyes caused defamatory statements to be published to Diane Gaffoglio, President of Oracle Court Reporting Services, LLC (hereafter "Oracle"). Specifically, Keyes published an allegation that Plaintiff Coots was using Keyes' copyright works without permission in a business project involving Oracle, CVV and the International Legal Assistance Consortium (hereafter "ILAC").

40. Keyes defamatory statement harmed the reputation of Coots by injuring her general character and causing personal disgrace.

41. Upon information and belief Keyes has published this defamatory statement to other members of the professional verbatim reporters' community and potential customers of CVV and Coots, injuring the character of plaintiff and causing her personal disgrace.

42. Defendant's defamatory statements have damaged Plaintiffs, in an amount to be proven at trial.

43. Defendant's defamatory statements constitute defamation per se because they call into question the Plaintiffs' competence to perform adequately in her trade or profession.

WHEREFORE, Plaintiffs Jennifer Coots and Combat Veteran Voicewriters, LLC, pray for judgment against Bettye Keyes as follows:

    a. For the special damages resulting from Bettye Keyes' defamatory statements;

    b. For reputational damages resulting from Bettye Keyes' defamatory statements;

    c. For a preliminary and permanent injunction requiring Defendant, her agents, servants, employees and all persons acting in concert with her, to cease and desist from making any false, misleading and/or defamatory statements, including, without limitation, statements that Plaintiff is using copyright works of Keyes without permission;

    d. For interest on the total at the rate of 10% per annum;

e. For such other relief as the court deems just in the circumstances.

Dated this ____ day of October 2009

By: _____/s/_____
Norman C. Keyt
Attorney for Plaintiff

By: _____/s/_____
Charles E. Runyan
Attorney for Plaintiff